IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV58-03-MU

| | |
|---|---|
| RICHARD POWERS LINCOLN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SHERIFF DANIEL E. BAILEY, )<br>ARAMARK CORP., B. SMITH SCOTT, )<br>MAJOR L. PAGEN, CAPTAIN M. SMITH,)<br>CAPTAIN J. PLOGER, SGT. J. MANESS, )<br>SGT. D. TRUESDALE, SGT. G. ROGERS )<br>OFFICER P. IGWESI, OFFICER J. SAGE, )<br>OFFICER K. JOHNSON, OFFICER C. )<br>SMITH, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed February 17, 2009. (Document No. 1.)

In his Complaint against various employees of Mecklenburg County Jail and Aramark Corporation, the food vendor for the Mecklenburg County Jail, Plaintiff alleges a variety of complaints regarding the food served in the jail. Plaintiff alleges that: (1) the temperature of his food is room temperature or below when he receives it; (2) the servings are inadequate; (3) not all required items are served; (4) he questions whether a menu exists for dietician authorized diets; (5) drink cups are not always provided at all meals; (6) approved menu is not always adhered to and (7) meals are not always delivered to detainees in same housing unit at same time.

Plaintiff contends that as a result of the above listed complaints about his food, he has

1

suffered physically, mentally and emotionally and has endured unreasonable punishment. By way of relief, Plaintiff seeks over 22 million dollars in compensatory and punitive damages.

Plaintiff's claim regarding his food must fail. Plaintiff claims that his food is room temperature or colder, the serving size is inadequate, he is not sure all required items are being served, he is not sure if those with special diets are getting the appropriate food, drinking cups are not always provided, the approved menu is not always adhered to and detainees in the same housing unit do not all get their meal delivered at the same time. Plaintiff does not allege any illness or injury with respect to his complaints about the food. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(allegation that prisoner received three meals a day during workweek and two meals per day on weekends and holidays did not state a cruel and unusual punishment claim under the Eighth Amendment, in the absence of deleterious effects); see also 42 U.S.C.A. § 1997(e) (prisoner must show physical injury to maintain civil action for mental or emotional injury while suffered in custody). In order to state a claim for inadequate food, a plaintiff must show that the deprivation is serious and that the defendant is deliberately indifferent to a need. Wilson v. Seiter, 501 U.S. 294, 302-303 (1991). Plaintiff has not satisfied these elements in his conlcusory Complaint and therefore, his Complaint must be dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: March 3, 2009

Graham C. Mullen
United States District Judge